MAX ZAGER v. JOHN W. SETZER.

(Filed 30 June, 1955.)

**1. Fraud § 12: Cancellation and Rescission of Instruments § 12—Evidence held sufficient to overrule nonsuit on issue of fraud.**

Evidence tending to show that plaintiff, the owner of personal property comprising a motion picture theatre, represented that the previous operator of the theatre had a weekly gross income therefrom in a certain sum, that defendant purchased the property after determining that his operating costs would be in a smaller amount, that defendant, after renovating the theatre, realized a gross income in a much smaller sum, and that the former operator's gross weekly income was only about half that represented by plaintiff, *is held,* when considered with other testimony of an amplifying and corroborative nature, sufficient to show *prima facie* the existence of all the elements of actionable fraud, and nonsuit on defendant's counterclaim for rescission and damages was erroneously entered.

**2. Fraud § 4—**

The fact that the evidence discloses that plaintiff had no knowledge of the falsity of his representation is not fatal when the evidence further discloses that the representation was material and was intended by plaintiff to be accepted and relied on by defendant, and that the representation was recklessly made, or positively averred when plaintiff was consciously ignorant whether it was true or false.

**3. Trial § 23f: Fraud § 12: Cancellation and Rescission of Instruments § 12—**

On defendant's counterclaim for rescission and damages, the fact that defendant alleges *scienter* of plaintiff, whereas the evidence discloses at most *prima facie* proof only of constructive *scienter* in that the representation was recklessly made in conscious ignorance of its truth or falsity, does not justify nonsuit for variance, since upon the record it does not appear that plaintiff was misled to his prejudice. G.S. 1-168.

**4. Fraud § 9: Cancellation and Rescission of Instruments § 9: Election of Remedies § 2—**

When justified by the facts, a party may maintain an action for rescission of an instrument and also for damages resulting from the fraud which induced its execution.

APPEAL by defendant from *Hall, Special Judge,* at 13 September, 1954, Civil Term of GUILFORD (Greensboro Division).

Civil action to recover balance alleged to be due on a conditional sale contract executed by the defendant in purchasing from the plaintiff personal property comprising a motion picture theatre.

The defendant by answer admits the execution of the conditional sale contract, but by further defense and counterclaim seeks rescission and damages on allegations of fraudulent representations made by the plaintiff whereby the defendant was induced to execute the contract. These affirmative pleas of the defendant were dismissed at the close of the evidence on plaintiff's motion for judgment as of nonsuit. Thereupon the court submitted to the jury the single issue of debt which arose in the plaintiff's action against the defendant. The jury, in response to a peremptory instruction, answered the issue in favor of the plaintiff.

From judgment entered on the verdict, the defendant appeals, assigning errors.

*Thomas Turner and Proctor & Dameron for defendant appellant.*
*Moseley and Edwards and Armistead W. Sapp for plaintiff appellee.*

JOHNSON, J. Our study of the record leaves the impression that the evidence relied on by the defendant was sufficient to carry the case to the jury on the issues of rescission and damages raised by the further defense and counterclaim.

The evidence discloses that the theatre was operated by C. C. Freeman previous to its acquisition by the defendant. Freeman purchased the equipment on the installment-payment plan from the plaintiff about 15 October, 1951, and continued operations until sometime the following spring or summer, when he gave it up and left town. A foreclosure ensued, under which the plaintiff reacquired title to the equipment. Following this, it was sold to the defendant. As a part of the negotiations leading up to the defendant's purchase of the equipment and the signing of the conditional sale contract, the plaintiff represented to him that the previous operator of the theatre had a weekly gross income therefrom of between $600 and $700. The defendant closed the deal after determining that the costs of operating the theatre would be approximately $560 a week. The building and equipment were completely renovated, after which the defendant operated the theatre for a period of several months under the management of a competent, experienced operator. However, the weekly gross income never approximated $600 or $700, as represented by the plaintiff. On the contrary, it ranged from a high of $487 to a low of $222, with the average being $320. Also, it

was disclosed by the testimony of former operator Freeman that his highest weekly gross income was $443, with the average being only $343, and that he closed the theatre "because it was very unprofitable."

The foregoing line of evidence, when considered with other testimony of an amplifying and corroborative nature, was sufficient to show *prima facie* the existence of all the elements of actionable fraud. *Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5; *Vail v. Vail,* 233 N.C. 109, 63 S.E. 2d 202.

True, the record discloses no evidence tending to show the plaintiff knew the amount of the former operator's gross income. And in this sense the evidence fails to disclose affirmatively that the plaintiff had knowledge of the alleged falsity of his representation to the effect that the former operator grossed from $600 to $700 a week. However, the evidence is sufficient to support the inference that the plaintiff's representation as to the gross weekly income of the former operator was recklessly made, or positively averred when he was consciously ignorant whether it was true or false, and was intended by him and accepted by the defendant and reasonably relied on as a statement of fact by which the defendant was deceived and caused to suffer loss. The evidence tending to show this state of mind is an adequate substitute for proof of *scienter. Roberson v. Williams,* 240 N.C. 696, 83 S.E. 2d 811; *Gray v. Edmonds,* 232 N.C. 681, 62 S.E. 2d 77; *Mills v. Mills,* 230 N.C. 286, 293, 52 S.E. 2d 915, 921; *Whitehurst v. Insurance Co.,* 149 N.C. 273, 62 S.E. 1067; 23 Am. Jur., Fraud and Deceit, Sec. 68, 1954 Supplement. See also comprehensive annotation entitled "False representations as to income, profits, or productivity of property as fraud," 27 A.L.R. 2d 14, pp. 60 and 61; *Roberson v. Swain,* 235 N.C. 50, 69 S.E. 2d 15.

We have not overlooked the variance between the defendant's allegations and proofs. In his further defense and counterclaim the defendant expressly alleges the *scienter, i.e.,* that the plaintiff knew of the falsity of his representation as to the weekly gross income of the former operator of the theatre. Whereas the evidence discloses at most *prima facie* proof only of the legal substitute therefor—the constructive *scienter, i.e.,* that the representation was recklessly made or averred under circumstances showing conscious ignorance whether it was true or false. The question thus posed is whether this variance is of sufficient materiality to justify nonsuit under application of the rule explained and applied in *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470.

On this record it does not appear that the plaintiff was misled to his prejudice by the variance between the defendant's pleading and proof. Hence, under application of G.S. 1-168 the variance will be treated as immaterial and insufficient to support the judgment of nonsuit entered below.

Our attention has not been directed to any previous decision of this Court involving the precise question of variance here presented and our research discloses none. The case of *Pritchard v. Dailey*, 168 N.C. 330, 83 S.E. 392, cited by the plaintiff, is factually distinguishable.

However, the conclusion here reached finds support in these decisions from other jurisdictions: *Luikart v. Miller* (Mo.), 48 S.W. 2d 867; *Turk v. Botsford*, 70 Or. 198, 139 P. 925. See also *Watson v. Jones*, 41 Fla. 241, 25 So. 678; *Packard v. Pratt*, 115 Mass. 405; *Cook v. Gill*, 83 Md. 177, 34 A. 248. And these decisions of this Court support the principle here applied: *Dennis v. Albemarle, ante,* 263; *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844; *Mode v. Penland,* 93 N.C. 292.

The ruling of the court below in dismissing by compulsory nonsuit the defendant's pleas for rescission and damages must be held for error. The verdict and judgment will be set aside to the end that the defendant may have a new trial, and it is so ordered. See *Randle v. Grady,* 228 N.C. 159, top p. 165, 45 S.E. 2d 35, top p. 40.

Since the other questions presented by this appeal may not recur on retrial, we refrain from discussing them.

New trial.