WACHOVIA BANK & TRUST COMPANY, N.A. v. CHARLIE SMITH, JR. AND WIFE, BETTY W. SMITH

No. 743SC659

(Filed 4 December 1974)

Appeal and Error § 6— claim and delivery proceeding — appeal premature

Where the superior court entered an order affirming the clerk's order of seizure of a mobile home in a claim and delivery proceeding instituted ancillary to a civil action by plaintiff against defendants seeking to recover an amount allegedly due on a promissory note executed by defendants for the balance due on the purchase price of a mobile home, defendants' appeal was premature since no substantial right of the defendants had yet been judicially determined and questions raised by defendants could be decided only when the case was heard on its merits.

APPEAL by defendants from *James, Judge,* 6 May 1974 Session of Superior Court held in CRAVEN County. Heard in the Court of Appeals on 13 November 1974.

This is an appeal from an order of the judge of the superior court affirming an order of seizure of a mobile home made by the Clerk of the Superior Court of Craven County in a claim and delivery proceeding instituted ancillary to a civil action by the plaintiff, Wachovia Bank and Trust Company, N.A., against the defendants, Charlie Smith, Jr., and Betty W. Smith, seeking to recover $21,020.02 allegedly due on a promissory note executed by the defendants for the balance due on the purchase price of a mobile home.

In its complaint, filed 1 February 1974, plaintiff alleged that a promissory note and security agreement executed by the defendants as part of the purchase price of a mobile home had been assigned to it. Plaintiff further alleged that the defendants "have refused and continue to refuse to pay the installments

called for in said note and security agreement" and that pursuant to the terms of the promissory note the plaintiff has declared the entire balance of the note due. Simultaneously with the filing of the complaint, the plaintiff filed a claim and delivery proceeding (including a substantial undertaking) in the Office of the Clerk of the Superior Court of Craven County, seeking possession of the mobile home in order to protect its security interest therein. The defendants have not filed answer to the plaintiff's complaint. However, when the claim and delivery proceeding came on for hearing before the clerk of the superior court on 28 February 1974, the defendants claimed that pursuant to G.S. 25-2-608 they revoked their acceptance of the mobile home, that pursuant to G.S. 25-2-711(3) they had a security interest in the mobile home, and that on 11 February 1974 they notified plaintiff of their intention to sell the mobile home (as allowed by G.S. 25-2-711(3)) in order to recover their down payment of $1,510.90 and the expenses incurred by them as a result of the defects in the mobile home.

After the hearing, the clerk found probable cause to issue an order of seizure. The defendants, pursuant to G.S. 1-474, appealed to the superior court. On 6 May 1974 Judge James, after reviewing the record, entered an order affirming the order of the clerk. The defendants appealed to this court.

*Dunn & Dunn by Raymond E. Dunn for plaintiff appellee.*

*Louis F. Foy, Jr., for defendant appellants.*

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles R. Hassell, Jr., as amicus curiae.*

HEDRICK, Judge.

Plaintiff filed a motion in this court to dismiss the defendants' appeal on the grounds that it was from an interlocutory order not affecting a substantial right. Defendants filed answer to the motion contending that the appeal was authorized by G.S. 1-277, which in pertinent part provides:

"(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment

---

from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

The substantial right claimed by the defendants is that they justifiably revoked their acceptance of the mobile home in accordance with the provisions of G.S. 25-2-608 and that pursuant to G.S. 25-2-711(3) they have a security interest in the mobile home. They further contend that they are not required to file a replevy bond in order to hold the property pending a trial.

In entering the order of seizure in the claim and delivery proceeding, the clerk of superior court did not and could not determine whether the defendants justifiably revoked their acceptance of the mobile home or whether the defendants retained a security interest therein. Likewise, G.S. 1-474 only gives the judge of the superior court the authority to review the action of the clerk in issuing or refusing to issue the order of seizure. The questions raised by the defendants can be decided only when the case is heard on its merits. No substantial right of the defendants has yet been judicially determined. Furthermore, whatever interest the defendants have in the mobile home is amply protected by plaintiff's undertaking filed in the claim and delivery proceeding pursuant to G.S. 1-475.

The appeal is

Dismissed.

Judges BRITT and MARTIN concur.