STATE OF NORTH CAROLINA EX REL RUFUS L. EDMISTEN, ATTORNEY GENERAL, PLAINTIFF v. J. C. PENNEY COMPANY, INC., DEFENDANT

No. 7610SC164

(Filed 4 August 1976)

**Unfair Competition— unfair acts in conduct of trade or commerce — collection practices**
        The statute prohibiting "unfair or deceptive acts or practices in the conduct of any trade or commerce," G.S. 75-1.1, applies to repeated abusive or harassing telephone calls by a department store chain to its delinquent customers and their employers.

        Judge PARKER dissents.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 23 December 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 27 May 1976.

Plaintiff filed complaint alleging that defendant violated G.S. 75-1.1 by using unfair and deceptive acts in the conduct of commerce. It was alleged that defendant makes repeated abusive, threatening and harassing telephone calls to its delinquent credit customers. It was also alleged that telephone calls are made to defendant's customers at their places of employment even after the customer makes repeated requests that he be contacted only at home, and that calls are also "placed to credit customer's employer, informing the employer of the debt and attempting to use the employer's influence and position to force payment of the debt."

A temporary order was entered restraining defendant from making abusive or harassing contacts with its credit customers, and from contacting its customers at their place of employment after being instructed not to do so, and from contacting anyone except the customer himself concerning the debt. The order also provided for a further hearing on plaintiff's request for a preliminary injunction against the alleged conduct until final hearing on the matter.

At the hearing on the request for a preliminary injunction plaintiff presented affidavits by various credit customers and their employers concerning telephone calls by defendant's agents seeking to collect debts. These affidavits tended to show that frequent and repeated calls were made, and that threats were made concerning the placement of liens on debtor's property and garnishment of wages. It was also avowed by the affiants that defendant's agents called their employers and co-workers to discuss the debts, and that these calls were made by defendant's agents after being requested not to do so.

Defendant responded with an affidavit from its manager of the Atlanta credit office asserting that defendant employed people to contact delinquent debtors by telephone, and that defendant issued a manual describing the manner in which these contacts were to be conducted and forbidding threats and harassment. The manager avowed that he supervised adherence to the manual, that calls were not made until an account was 60 days overdue, that accommodations were made for hardship cases, and that defendant had been given no advance warning of this lawsuit.

Upon reviewing the evidence presented at the hearing the temporary restraining order was dissolved and a preliminary

injunction was denied. Defendant filed answer denying the material allegations of the complaint.

The trial court allowed plaintiff's motion to amend its order to include findings of fact and conclusions of law. In its amended order the trial court concluded that "assuming without deciding that all the allegations of the Complaints are true, the Court will not enter a Preliminary Injunction because it is of the opinion that such conduct does not fall within the purview of G.S. 75-1.1. . . ." From the entry of the amended order the State appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by Henry A. Mitchell, Jr., and M. E. Weddington, for defendant appellee.*

ARNOLD, Judge.

G.S. 75-1.1 provides in pertinent part as follows:

"§ 75-1.1. Methods of competition, acts and practices regulated; legislative policy.— (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State."

G.S. 75-1.1 is a part of Chapter 833 of the 1969 Session Laws entitled An Act to Amend Chapter 75 of The General Statutes to Provide Civil Remedies Against Unfair Methods of Competition and Unfair or Deceptive Acts or Practices in Trade or Commerce. The only question presented by this appeal is whether G.S. 75-1.1 is applicable to the debt collection activities alleged in this action.

The intent of the General Assembly in enacting Chapter 833 was to enable a person damaged by deceptive acts or practices to recover treble damages from the wrongdoer, and to

declare deceptive acts or practices in the conduct of any trade or commerce to be unlawful, and to provide civil legal means to maintain ethical standards of dealings between persons in business and the consuming public of North Carolina.

In determining the scope of G.S. 75-1.1 consideration must be given to the intent and purpose for which the legislation was enacted. G.S. 75-1.1 should be interpreted to grant broad relief against "unfair or deceptive acts or practices in the conduct of any trade or commerce." *See* 6 Wake Forest Intra. L. Rev. 1, 18-20 (1969).

To give effect to the intent and purpose for which G.S. 75-1.1 was enacted it should apply to all unfair and deceptive acts in the conduct of trade or business, including practices involved in the collection of debts. The argument presented by appellees that the phrase "trade or commerce" does not encompass debt collection activities is rejected. *Black's Law Dictionary* explains that the "words 'trade' and 'commerce,' when used in juxtaposition impart to each other enlarged signification, so as to include practically every business occupation carried on for subsistence or profit, and into which the elements of bargain and sale, barter, exchange, or traffic, enter."

Further guidance can be obtained by reviewing federal decisions on appeals from the Federal Trade Commission, "since the language of G.S. 75-1.1 closely parallels that of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) (1973 Ed.), which prohibits 'unfair or deceptive acts or practices in commerce.'" *Hardy v. Toler,* 288 N.C. 303, 308, 218 S.E. 2d 342 (1975). The federal courts have consistently applied the Federal Trade Commission Act to unfair or deceptive acts in the collection of debts. *Mohr v. FTC,* 272 F. 2d 401 (1959); *Dejay Stores v. Federal Trade Commission,* 200 F. 2d 865 (1952); *Bennett v. Federal Trade Commission,* 200 F. 2d 362 (1952); *Silverman v. Federal Trade Commission,* 145 F. 2d 751 (1944); *In re Floersheim,* 316 F. 2d 423 (1963); *Floersheim v. FTC,* 411 F. 2d 874 (1969).

In his amended order dissolving the temporary restraining order and denying the preliminary injunction the trial judge concluded that "assuming without deciding that all the allegations of the Complaint are true, the Court will not enter a Preliminary Injunction because it is of the opinion that such conduct does not fall within the purview of G.S. 75-1.1. . . . ."

His Honor found however that "there is ample evidence to support a finding that the conduct complained of did occur."

Appellant correctly contends that the court's finding of "ample evidence to support a finding that the conduct complained of did occur" is probable cause for supposing that plaintiff will be able to sustain its allegations at trial. *See Automobile Dealer Resources, Inc. v. Insurance Co.*, 15 N.C. App. 634, 190 S.E. 2d 729 (1972). Since there is ample evidence that the conduct alleged did occur, and the conduct complained of does fall within the scope prohibited by G.S. 75-1.1, it was error for the trial court to dissolve the restraining order and to deny the preliminary injunction. Judgment is vacated and the cause is remanded with directions to enter the preliminary injunction.

Reversed and remanded.

Judge HEDRICK concurs.

Judge PARKER dissents.