LONNIE L. BERNARD v. CENTRAL CAROLINA TRUCK SALES, INC., AND
TRANSPORT ACCEPTANCE CORPORATION

No. 8313SC112

(Filed 1 May 1984)

**1. Unfair Competition § 1— unfair or deceptive trade practice — sufficiency of evidence**

The trial court properly found an unfair or deceptive trade practice pursuant to G.S. 75-1.1 where the evidence tended to show that defendant represented to plaintiff that the tractor plaintiff purchased was a 1975 Peterbilt with a 1975, 400 Cummins engine, and in reality it contained a 1972, 370 Cummins engine.

**2. Unfair Competition § 1— unfair trade practice — measure of damages**

In an action for unfair and deceptive trade practices involving the sale of a tractor, the trial court properly found the measure of damages to be the value of the truck plaintiff traded in and the total of the monthly payments plaintiff made for his "new" tractor, and, pursuant to G.S. 75-16, the trial court correctly trebled the damages.

APPEAL by defendant from *Lee, Judge.* Judgment entered 14 September 1982 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 11 January 1984.

Defendant Central Carolina Truck Sales (hereafter defendant) appeals from a judgment finding that it engaged in unfair or deceptive acts or practices and awarding treble damages.

*Herbert J. Zimmer for plaintiff appellee.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Robert J. Lawing and Robert E. Price, Jr., and Frye, Booth & Porter, by Leslie G. Frye, for defendant appellant.*

WHICHARD, Judge.

I.

Plaintiff brought this action alleging breach of contract, fraudulent misrepresentation, and unfair or deceptive acts or practices. The facts giving rise to the action, as found by the court, are as follows:

In August 1978 plaintiff entered a contract with defendant to purchase a tractor. Defendant represented the tractor to be a

1975 Peterbilt with a 1975, 400 Cummins engine. In reality it contained a 1972, 370 Cummins engine.

Defendant's agent said the tractor was "ready in all aspects for long distance hauling." Immediately after the purchase, however, plaintiff began having problems with the tractor. These included problems with "the transmission, front end shimmying, air conditioning not working, air bags not working properly, no taillights, engine making noise, truck burning excessive oil, accelerator cable breaking, engine gasket breaking, water pump breaking, gear shift not working properly, water entering the oil, and other matters." In January 1979 plaintiff parked the tractor. He was unable to use it thereafter.

The purchase price of the tractor was $27,500. Plaintiff traded in a used dump truck valued at $11,000. The remaining $16,500 was financed through defendant Transport Acceptance Corp. Plaintiff made three monthly payments totalling $1,818.30. He did not make any additional payments, and Transport repossessed the tractor.

The court found that defendant breached the contract, made fraudulent misrepresentations, and engaged in unfair or deceptive acts or practices. It found that expenses plaintiff incurred for repairs "cannot be attributed to any fault of the defendant." It found damages to plaintiff in the amount of $12,818.30, however, consisting of the value of the truck traded in ($11,000) and the total of the monthly payments plaintiff had made ($1,818.30). Pursuant to G.S. 75-16, the court trebled the damages.

Defendant appeals.

## II.

[1] A careful review of the record indicates that the findings of fact are supported by competent evidence. Thus, the only issues are whether the conclusion of law that defendant engaged in unfair or deceptive acts or practices is supported by the findings of fact, and whether the damages were proper. *Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 371 (1975); *Spivey v. Porter*, 65 N.C. App. 818, 819, 310 S.E. 2d 369, 370 (1984).

G.S. 75-1.1 provides that "unfair or deceptive acts or practices in or affecting commerce . . . are declared unlawful." The

Act does not, however, define an unfair or deceptive act, "nor is any precise definition of the term possible." *Trust Co. v. Smith,* 44 N.C. App. 685, 690, 262 S.E. 2d 646, 649, *disc. rev. denied,* 300 N.C. 379, 267 S.E. 2d 685 (1980). To determine whether a particular act is unfair or deceptive, the court must look at the facts surrounding the transaction and the impact on the marketplace. *Marshall v. Miller,* 302 N.C. 539, 548, 276 S.E. 2d 397, 403 (1981); *Trust Co. v. Smith, supra.* The determination of whether an act is unfair or deceptive is a question of law for the court. *Trust Co. v. Smith, supra,* 44 N.C. App. at 689, 262 S.E. 2d at 649. "[T]he question of whether the defendant acted in bad faith is not pertinent." *Marshall v. Miller, supra,* 302 N.C. at 544, 276 S.E. 2d at 400-01.

An action for unfair or deceptive acts or practices is "the creation of . . . statute. It is, therefore, sui generis. It is neither wholly tortious nor wholly contractual in nature . . . ." *Slaney v. Westwood Auto, Inc.,* 366 Mass. 688, 704, 322 N.E. 2d 768, 779 (1975). While fraudulent behavior may evoke the action, it is not an action for fraud. *Holley v. Coggin Pontiac,* 43 N.C. App. 229, 241, 259 S.E. 2d 1, 9, *disc. rev. denied,* 298 N.C. 806, 261 S.E. 2d 919 (1979).

In discussing the purpose of the statute, our Supreme Court has stated:

> Such legislation was needed because common law remedies had proved often ineffective. Tort actions for deceit in cases of misrepresentation involved proof of scienter as an essential element and were subject to the defense of "puffing." . . . Proof of actionable fraud involved a heavy burden of proof, including a showing of intent to deceive. . . . Actions alleging breach of express and implied warranties in contract also entailed burdensome elements of proof. . . . A contract action for rescission or restitution might be impeded by the parol evidence rule where a form contract disclaimed oral misrepresentations made in the course of a sale. Use of a product after discovery of a defect or misrepresentation might constitute an affirmance of the contract. Any delay in notifying a seller of an intention to rescind might foreclose an action for rescission. (Citations omitted.)

*Marshall v. Miller, supra,* 302 N.C. at 543-44, 276 S.E. 2d at 400.

A case involving facts similar to those here is *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). Defendant there falsely represented "that the automobile was a one-owner vehicle which had been driven approximately 23,000 miles, that it had never been wrecked, and that the Chrysler warranty could and would be transferred to plaintiff." *Id.* at 305-06, 218 S.E. 2d at 344. In reality the automobile had two prior owners, it had been wrecked, and the Chrysler warranty could not be transferred. The parties stipulated both that the representations were false and that defendant had knowledge of the falsity. The Court held that the acts constituted unfair or deceptive acts or practices under G.S. 75-1.1.

The false representations here involved the size and year of the engine and the readiness of the tractor for long distance hauling. The court did not make a finding that defendant had knowledge of the falsity, although it did find that the misrepresentations were intentional. Knowledge of the misrepresentation is not essential, however, since our Supreme Court has held that plaintiff is not required to show bad faith. *Marshall v. Miller, supra,* 302 N.C. at 546, 276 S.E. 2d at 401. We thus agree with the trial court that defendants' acts constituted unfair or deceptive acts or practices under G.S. 75-1.1.

III.

[2] G.S. 75-16 provides that

> [i]f any person shall be injured . . . such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

The statute merely refers to the person being "injured" and does not state the method of measuring damages. Consequently, there is confusion as to the proper measure of damages in an unfair or deceptive act or practice case. *See* Leaffer & Lipson, Consumer Actions Against Unfair or Deceptive Acts or Practices: The Private Uses of Federal Trade Commission Jurisprudence, 48 Geo. Wash. L. Rev. 521, 546-49 (1980).

In *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *disc. rev. denied,* 289 N.C. 619, 223 S.E. 2d

396 (1976), this Court applied the measure of damages for fraudu-
lent inducement. It stated:

> When a person discovers that he has been fraudulently
> induced to purchase property he must choose between two
> inconsistent remedies. He may repudiate the contract of sale,
> tender a return of the property, and recover the value of the
> consideration with which he parted; or, he may affirm the
> contract, retain the property, and recover the difference be-
> tween its real and its represented value. He may not do both.
> Once made, the election is final. . . .

27 N.C. App. at 717, 220 S.E. 2d at 811 (quoting *Bruton v. Bland*,
260 N.C. 429, 430, 132 S.E. 2d 910, 911 (1963)).

Plaintiff in *Taylor* had purchased from defendant an automo-
bile which was represented to be a 1971 model when in fact it
was a 1970 model. The evidence did not disclose that anything
else was wrong with the automobile. The Court stated: "It is clear
that plaintiff is seeking to rescind the sales contract and recover
the sales price of $4,600. He was not damaged, nor injured within
the meaning of G.S. 75-16 so as to warrant treble damages, in the
sum of $4,600." 27 N.C. App. at 716-17, 220 S.E. 2d at 811.

In *Hardy v. Toler, supra*, the actual damage was the dif-
ference in the fair market value of the automobile as represented
and the actual value. *See also Lee v. Payton*, 67 N.C. App. 480,
313 S.E. 2d 247 (1984).

We do not believe, however, that the only available measure
of damages is that for fraudulent inducement. As previously
stated, an action for unfair or deceptive acts or practices is a
distinct action apart from fraud, breach of contract, or breach of
warranty. Since the remedy was created partly because those
remedies often were ineffective, it would be illogical to hold that
only those methods of measuring damages could be used. "To rule
otherwise would produce the anomalous result of recognizing that
although G.S. 75-1.1 creates a cause of action broader than tradi-
tional common law actions, G.S. 75-16 limits the availability of any
remedy to cases where some recovery at common law would prob-
ably also lie." *Marshall v. Miller, supra*, 302 N.C. at 547, 276 S.E.
2d at 402.

The measure of damages used should further the purpose of awarding damages, which is "to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." *Phillips v. Chesson,* 231 N.C. 566, 571, 58 S.E. 2d 343, 347 (1950); *see also Bowen v. Bank,* 209 N.C. 140, 144, 183 S.E. 266, 268 (1936). Here, before the unfair or deceptive act or practice occurred, plaintiff had his used truck and the money with which he made the three payments. He subsequently had neither of these, nor did he have the 1975 Peterbilt tractor. The court thus concluded that this was the amount of his injury which was proximately caused by the unfair or deceptive act. *See Ellis v. Smith-Broadhurst, Inc.,* 48 N.C. App. 180, 184, 268 S.E. 2d 271, 273-74 (1980).

A case involving similar damages is *Parris v. Fischer & Co.,* 221 N.C. 110, 19 S.E. 2d 128 (1942). Plaintiff there alleged that he was induced by false representations to purchase a new short wave therapeutic machine. He traded in his old therapeutic machine, which was valued at $60, and financed the balance. The new machine "proved to be entirely worthless for his purposes." Plaintiff notified defendant of this and refused to make any further payments. Defendant subsequently repossessed the machine in plaintiff's absence. Plaintiff was allowed to recover the value of his old machine.

We hold that the award of damages here was proper. Like the award in *Parris,* it restored plaintiff to his original condition. Having properly concluded that defendant's acts were unfair or deceptive, the court properly trebled the damages pursuant to G.S. 75-16.

Affirmed.

Judges WEBB and WELLS concur.