358 S.E.2d 120 (1987)
Jerry MORRIS
v.
R.G. BAILEY and Bragg Auto Home Sales, et al.
No. 8612DC1098.
Court of Appeals of North Carolina.
July 21, 1987.
*121 Harris, Sweeny & Mitchell by Ronnie M. Mitchell, Fayetteville, for defendant-appellant.
Edelstein and Payne by M. Travis Payne, Raleigh, for plaintiff-appellee.
GREENE, Judge.
This is a civil action for breach of warranty and deceptive trade practices. On 4 August 1984, plaintiff purchased a used 1979 Buick automobile from a partnership, doing business as Bragg Auto Home Sales. He brought suit against both the partnership and its partners as individuals.
Plaintiff's evidence at trial tended to show that before arranging the purchase, plaintiff informed Bragg's salesman he wanted a good car in which he could take his family half-way across the United *122 States. He was told the Buick came with a 24 month/24,000 mile warranty and that "the engine reliability was real good." Plaintiff purchased the car for $6,554. He made a down payment of $2,554 on the car, and Bragg's employee contacted a financing company and arranged financing for the balance of the purchase price. During the signing of the sales contract and financing statements, Bragg's employee told plaintiff the 24 month/24,000 mile warranty did not come "automatically" with the car, but a 90-day warranty did and plaintiff could purchase the more extensive warranty for approximately $200 any time within the coverage of the 90-day warranty. After plaintiff paid the down payment, the car "wouldn't crank" and he was unable to drive it off the lot. When one of Bragg's employees did get it started, the car began smoking and its air conditioner wouldn't work. One of Bragg's employees agreed the dealership would correct the problems and along with plaintiff made a list of those things which needed repair. It was agreed the car would be ready within two days.
When plaintiff returned for the car two days later, it did not appear to him that any of the repairs had been made, and he told Bragg employees he wanted his money back. They refused. After plaintiff talked to a lawyer, the dealership agreed to issue a written 30-day warranty on the automobile. Plaintiff then took the car but returned it on several occasions for the needed repairs. Before the written warranty expired, the car's transmission required a $600 repair and Bragg refused to repair it. On 11 September 1984, plaintiff sent written notice to Bragg to revoke his acceptance of the car. Bragg refused to take the car back and did not refund plaintiff's money. Plaintiff testified he had made all the payments to the financing company to date.
Before trial, the court granted plaintiff's motion in limine to exclude evidence of defendants' offers to repair the car or otherwise settle the dispute with plaintiff after his revocation. During the trial, the court permitted testimony from five of plaintiff's witnesses that Bragg had sold cars in poor mechanical condition to them and had not kept its promises to repair the defects.
At the end of plaintiff's evidence, the court dismissed plaintiff's action against the individual defendants. Bragg then put on its evidence, and after its case, the court permitted plaintiff to present rebuttal evidence.
The jury was instructed and given a verdict form. After deliberation it returned with a verdict for plaintiff:
1. Did the defendant, Bragg Auto Home Sales do any one or more of the following in selling a 1979 Buick Riviera automobile to Jerry Morris?
(a) Falsely represent to Jerry Morris that the automobile was in good mechanical and serviceable condition when it knew, or should have known, that this was false? YES
(b) Warrant and promise Jerry Morris that it would repair mechanical defects in the car, at least for a period of thirty (30) days, commencing on August 17, 1984, and fail and refuse to do so? YES
2. Did Jerry Morris give notice of his revocation of acceptance of the 1979 Buick Riviera to Bragg Auto Home Sales within a reasonable time after he discovered, or should have discovered, the breach of warranty? YES
3. Was defendant's conduct in commerce or did it affect commerce? YES
4. Was the plaintiff injured as a proximate result of defendant's conduct? YES
5. By what amount, if any, has the plaintiff been injured? $7,308.61
After receiving the jury's verdict, the trial court concluded the acts found by the jury constituted unfair and deceptive trade practices. The court then trebled the damages found by the jury and awarded plaintiff attorney fees. The court further ordered plaintiff to return the car and ordered defendants to assume responsibility for any amount outstanding on the loan from the financing company. The court signed a written judgment to that effect on 9 June 1986. Defendant Bragg appeals.
*123 The issues raised by defendant are: 1) whether the trial court erred in framing the issues put to the jury, 2) whether there was competent evidence to support the court's conclusion that defendant had engaged in deceptive and unfair practices, 3) whether the court's granting of plaintiff's motion in limine was error, 4) whether the court erred in allowing the five dissatisfied customers to testify, 5) whether the court erred in allowing plaintiff to present rebuttal evidence, 6) whether the relief entered in this case was appropriate, 7) whether the court erred in awarding plaintiff attorney fees and 8) whether the signing of the written judgment on 9 June 1986 was error.

I
Defendant first argues the trial court erred in framing the issues submitted to the jury. The record shows defendant did not object to the issues before the jury retired. It cannot object to the issues now and argue they were inadequate or improper. N.C.G.S. Sec. 1A-1, Rule 49(c). N.C.R. App.P., Rule 10(b)(2). Brant v. Compton, 16 N.C.App. 184, 185, 191 S.E.2d 383, 384, cert. denied, 282 N.C. 672, 196 S.E.2d 809 (1972). This assignment of error is overruled.

II
In an action brought under the Unfair and Deceptive Trade Practices Act, N.C. G.S. Sec. 75-1.1, the jury is to determine the facts. Based on those facts, the court is to determine, as a matter of law, whether the defendant engaged in "unfair or deceptive acts or practices." Love v. Pressley, 34 N.C.App. 503, 516, 239 S.E.2d 574, 583 (1977), disc. rev. denied, 294 N.C. 441, 241 S.E.2d 843 (1978). Defendant contends the jury's verdict does not support the court's conclusion that defendant engaged in unfair and deceptive trade practices. This contention is meritless.
An unfair practice is one which offends "established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Although a mere refusal to stand by a warranty is not a violation of the Unfair and Deceptive Trade Practices Act, Trust Co. v. Smith, 44 N.C.App. 685, 691, 262 S.E.2d 646, 650, disc. rev. denied, 300 N.C. 379, 276 S.E.2d 685 (1980) (overruled on other grounds, Marshall v. Miller, 302 N.C. 539, 545, 276 S.E.2d 397, 401 (1981)), a false representation can constitute a deceptive practice. See Hardy v. Toler, 288 N.C. 303, 218 S.E.2d 342 (1975).
Here, the jury found defendant falsely represented to plaintiff that the car was in good mechanical and serviceable condition. This finding is sufficient to support the court's conclusion that defendant's actions constituted unfair and deceptive trade practices in violation of N.C.G.S. Sec. 75-1.1.

III
Defendant next contends the trial court erred by granting plaintiff's motion in limine to exclude evidence of negotiations between the parties which occurred after plaintiff's revocation of his acceptance and the expiration of the warranty.
Our review of the trial court's decision is precluded by defendant having failed to make an offer of proof and include that evidence in the record on appeal. Consequently, the trial court's ruling on this motion cannot be deemed prejudicial error. Gower v. City of Raleigh, 270 N.C. 149, 152, 153 S.E.2d 857, 859-60 (1967).

IV
Defendant's next contention is that the testimony from the five dissatisfied customers of Bragg was irrelevant and therefore inadmissible. However, defendant objected only to the testimony of one of those witnesses, Mildred Roberts, and the record reveals defendant's objections to Roberts' testimony were based not on relevance but on hearsay. Since there was no objection at trial on the ground of relevance, defendant cannot raise the issue on appeal. Santora, McKay & Ranieri v. Franklin, 79 N.C.App. 585, 589, 339 S.E.2d 799, 801-02 (1986).

*124 V
Defendant next contends plaintiff was not entitled to rebuttal evidence. At the end of defendant's evidence, plaintiff proposed to put on rebuttal evidence in the form of testimony from George Leggett, an employee of the Consumer Protection Section of the Attorney General's Office. In a hearing outside the jury's presence, plaintiff proposed he be allowed to rebut defendant's good business reputation and a statement made on the witness stand by one of Bragg's owners, R.G. Bailey. Defendant conceded the propriety of rebuttal on defendant's business reputation. It contended plaintiff was not entitled to rebut Bailey's statement because the issue to which it went was irrelevant. The court determined plaintiff was entitled to rebut Bailey's statement and allowed plaintiff to examine Leggett in this regard. Defendant's objection was noted in the record at the end of the hearing and is sufficient to preserve the issue for appellate review even though there was no objection to the evidence at the time it was offered to the jury. State v. Mems, 281 N.C. 658, 666-67, 190 S.E.2d 164, 170 (1972).
Where one party introduces evidence as to a particular fact, the other party may introduce evidence in explanation or rebuttal thereof, even though the latter evidence would be inadmissible on grounds of incompetence or irrelevance had it been offered initially. In re Lee, 69 N.C.App. 277, 284, 317 S.E.2d 75, 79 (1984). The decision to permit rebuttal is committed to the discretion of the trial court. Gay v. Walter, 58 N.C.App. 360, 363, 283 S.E.2d 797, 799 (1981), modified on other grounds, 58 N.C.App. 813, 294 S.E.2d 769 (1982).
When plaintiff petitioned the court for the opportunity to present rebuttal evidence, defendant had already introduced evidence in its case in chief aimed at rebutting testimony from one of plaintiff's witnesses. Leggett's testimony was, in effect, a sur-rebuttal of that evidence. Therefore, it was within the trial court's discretion to admit that evidence, and we find the court did not abuse its discretion in doing so.

VI
We next address defendant's contentions regarding the relief awarded in this case.

A
Here, the jury was instructed to give one figure for damages, if any, for defendant's false representation and breach of warranty. The jury found $7,308.61 in damages. The court trebled that amount. Defendant contends the court should not have trebled the entire amount. Since it was reasonable to assume part of the $7,308.61 in damages was a result of the breach of warranty, which under Trust Co. v. Smith, 44 N.C.App. 685, 691, 262 S.E.2d 646, 650, disc. rev. denied, 300 N.C. 379, 267 S.E.2d 685 (1980) (overruled on other grounds, Marshall v. Miller, 302 N.C. 539, 545, 276 S.E.2d 397, 401 (1981)), cannot be an unfair trade practice, defendant argues the damages resulting from the breach should not have been trebled.
The basis of defendant's argument has merit, but defendants failed to request the trial court to correct either its jury instructions or the verdict form prior to the jury's deliberation. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure requires objection to jury instructions before the jury retires. Mills v. New River Wood Corp., 77 N.C.App. 576, 579, 335 S.E.2d 759, 761 (1985). We decline to consider this argument on appeal.

B
Defendant also argues the trial court erred by requiring plaintiff to return the car to defendant and ordering defendant to assume full responsibility for the outstanding loan on the car. We disagree with defendant's contention for two reasons. First, after the return of the jury's verdict, the parties stipulated that such directions would be part of the court's order. Second, even if the parties had not stipulated to this part of the order, it was an appropriate order for the trial court to enter.
*125 "The objective of any proceeding to rectify a wrongful injury resulting in a loss is to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." Phillips v. Chesson, 231 N.C. 566, 571, 58 S.E.2d 343, 347 (1950). Naturally, this principle applies without variation in an action under N.C. G.S. Sec. 75-1.1. Bernard v. Central Carolina Truck Sales, 68 N.C.App. 228, 233, 314 S.E.2d 582, 585, disc. rev. denied, 311 N.C. 751, 321 S.E.2d 126 (1984). If a plaintiff in an action under Section 75-1.1 involving the sale of a good retains the good, the difference in fair market value is an appropriate measure of damages. Strickland v. A & C Mobile Homes, 70 N.C.App. 768, 771, 321 S.E.2d 16, 19 (1984), disc. rev. denied, 313 N.C. 336, 327 S.E.2d 899 (1985). If, however, as is the situation here, the plaintiff does not retain the good, he may recover "the amount of his injury which was proximately caused by the unfair or deceptive act." Bernard, 68 N.C.App. at 233, 314 S.E.2d at 585.
Here, before plaintiff purchased the car, he had his down payment and the payments he had made on the car loan. Evidence in the record reveals they totaled approximately $7,308.61. The jury concluded this was the amount of his injury. Defendant was entitled to have the car returned to it, but complains that it should not be required to pay off the outstanding balance of the loan. We hold that requiring defendant to pay off the outstanding balance of the loan was an appropriate order for the court to enter. If plaintiff had paid it, the result would be an unfair diminution of his damages.
We think it important to note that since plaintiff properly revoked his acceptance under N.C.G.S. Sec. 25-2-608, the issue of whether he could rescind the contract for violation of N.C.G.S. Sec. 75-1.1 without compliance with Chapter 25 is not before us.

VII
Defendant next contends the trial court erred in awarding plaintiff attorney fees. Defendant contends both that the trial court erred in determining plaintiff was entitled to attorney fees and that the amount awarded is not supported by the court's findings of fact.

A
We first determine whether the trial court erred in determining plaintiff was entitled to attorney fees. A reasonable attorney fee may be awarded for a violation of Section 75-1.1 upon a specific finding by the trial judge that:
(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.
N.C.G.S. Sec. 75-16.1.
Here, the trial court found defendant had "willfully misrepresented the condition of the automobile" and that defendant had "refused without justification to fully resolve the matters which constitute the basis for this lawsuit." These findings of fact are supported by competent evidence. Therefore, the court's determination that plaintiff was entitled to an award of attorney fees is supported by the findings of fact.

B
We next determine whether the findings of fact are sufficient to support the amount of the award. Award or denial of attorney fees under N.C.G.S. Sec. 75-16.1 is a matter within the sole discretion of the trial judge. Borders v. Newton, 68 N.C.App. 768, 315 S.E.2d 731 (1984). However, if an award is made, the statute requires the award be reasonable. In order for this Court to determine if the award of attorney fees is reasonable, the record must contain findings of fact to support the award. Austin v. Austin, 12 N.C.App. 286, 296, 183 S.E.2d 420, 427 (1971).
*126 Here, the trial court simply awarded plaintiff an attorney fee of one-third of the total award of $21,925.83, or $7,308.61. The judgment contained no findings of fact to support the court's conclusion that this was a reasonable fee such as the time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, or the experience and ability of the attorney. The failure of the court to consider and set out the factors above renders the findings of fact inadequate to support the amount of the award. Therefore, the award for attorney fees is vacated and the case remanded to district court.

VIII
Defendant's final argument is that the trial judge erred in signing the judgment. Here, the trial court announced the general terms of its judgment in open court. Defendant gave oral notice of appeal in open court immediately after the court announced its judgment. Five days later, the court executed a written judgment. Defendant contends the trial judge was not permitted to execute any written judgment that was different in any manner from the announcement of the judgment made in open court.
Defendant's contention hinges on our interpretation of the trial court's actions under Rule 58 of the North Carolina Rules of Civil Procedure, N.C.G.S. Sec. 1A-1, Rule 58:
Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.
In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.
Here, the verdict was not for "only a sum certain or cost or that all relief" be denied, but the trial judge awarded attorney fees and relief other than damages. Although the trial judge announced his general holdings at the end of the trial, he did not direct the clerk to make any entry in the record. Therefore, under the second paragraph of Rule 58, the judgment was not entered in open court and the written judgment of 9 June 1986 is the judgment for the purposes of the Rules of Civil Procedure under the third paragraph of Rule 58. See Gates v. Gates, 69 N.C. App. 421, 425-26, 317 S.E.2d 402, 405 (1984), aff'd, 312 N.C. 620, 323 S.E.2d 920 (1985). The written judgment did not determine any issue different from those dealt with in the judgment announced in open court. Therefore, defendant's oral notice of appeal, though given in open court prior to the entry of judgment, was effective to give notice of appeal to the written judgment under N.C.G.S. Sec. 1-279(a). See Brooks v. Gooden, 69 N.C. App. 701, 706-07, 318 S.E.2d 348, 352 (1984).
Even if the judgment had been entered in open court, the subsequent written judgment is not invalid. A trial court has the authority under N.C.G.S. Sec. 1A-1, Rule 58 to make a written judgment that conforms in general terms with an oral judgment pronounced in open court. See Hightower v. Hightower, 85 N.C.App. 333, *127 ___, 354 S.E.2d 743, 745 (1987). A trial judge cannot be expected to enter in open court immediately after trial the detailed findings of fact and conclusions of law that are generally required for a final judgment. If the written judgment conforms in general terms with the oral entry, it is a valid judgment. A notice of appeal entered in open court immediately after entry of the oral judgment does not remove the authority of the trial court to enter its written judgment which conforms substantially with the court's oral announcement. Id. Here, the written judgment conforms in general terms with the oral announcement of the judgment in open court and therefore, even if the judgment had been entered in open court, the subsequent written judgment is valid.
This assignment of error is overruled.

IX
Affirmed in part; vacated in part.
HEDRICK, C.J., and MARTIN, J., concur.