BANK OF NORTH CAROLINA, N. A. v. CHARLES F. BARRY, JR., AND WIFE, JANICE E. BARRY

No. 7211DC228

(Filed 29 March 1972)

1. **Appeal and Error § 39— failure to docket record on appeal in apt time**

    Appeal is subject to dismissal for failure to docket the record on appeal within the time allowed by Court of Appeals Rule 5.

2. **Appeal and Error § 31— assignments of error to charge — necessity for exceptions**

    Assignments of error to the charge based upon exceptions appearing nowhere in the record but under the assignments of error are ineffective. Court of Appeals Rule 21.

---

Bank v. Barry

---

APPEAL by defendant from *Lyon, Judge,* 11 October 1971 Session of District Court, JOHNSTON County.

Plaintiff brought this action seeking to recover from defendants the unpaid balance due and owing on a promissory note. The jury returned a verdict in favor of plaintiff, and from entry of the judgment, defendants appeal.

*James A. Wellons, Jr., for plaintiff appellee.*

*T. Yates Dobson, Jr., for defendant appellants.*

MORRIS, Judge.

[1] The record on appeal was not docketed within the time allowed by Rule 5, Rules of Practice in the Court of Appeals of North Carolina, and the record contains no order extending the time for docketing. For failure to docket the record on appeal within the time allowed by the rules of this Court, the appeal may be dismissed. Rule 5, Rules of Practice in the Court of Appeals of North Carolina.

[2] The only assignments of error are to the charge of the court. However, no exception is noted in the record. Assignments of error to the charge based upon exceptions appearing nowhere in the record but under the assignments of error are ineffective. *State v. Dunn,* 264 N.C. 391, 141 S.E. 2d 630 (1965) ; Rule 21, Rules of Practice in the Court of Appeals of North Carolina; 1 Strong, N.C. Index 2d, Appeal and Error, § 31, p. 166. Nevertheless, we have carefully reviewed the charge to the jury as contained in the record, and find no prejudicial error. Defendants' contention that the court expressed an opinion as to whether a fact was fully or sufficiently proven in violation of G.S. 1A-1, Rule 51(a) is without merit.

No error.

Chief Judge MALLARD and Judge PARKER concur.