STATE OF NORTH CAROLINA v. RAY BAXTER HUNT

No. 7217SC453

(Filed 24 May 1972)

1. Criminal Law § 155.5— failure to docket record in apt time

Appeal is dimissed where the record on appeal was not docketed within 90 days after the date of the judgment appealed from and the record on appeal contains no order extending the time for docketing. Court of Appeals Rule 5.

2. Criminal Law § 155.5— time for docketing record — extension of time to serve case on appeal

An order extending the time within which to serve the case on appeal on the solicitor does not extend the time within which an appeal must be docketed in the appellate court.

---

State v. Hunt

---

**3. Forgery § 2— forgery and uttering — sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on issues of defendant's guilt of forgery and uttering where it tended to show that defendant, an acknowledged alcoholic, tied his 80-year-old father to a chair, removed his father's Social Security check from the mailbox, signed his father's name thereto, signed his own name under his father's name, cashed the check at a local bank, and that defendant had no authority to sign his father's name to the check or to cash it.

APPEAL by defendant from *Crissman, Judge,* 3 January 1972 Session of Superior Court held in SURRY County.

Defendant was prosecuted upon a bill of indictment, proper in form, containing two counts. The first count charges defendant with the forgery of a United States Treasurer's check in the amount of $101.90. The second count charges him with uttering the same check, knowing it to be forged.

Defendant entered a plea of not guilty. The jury found him guilty and he appeals from judgment of imprisonment entered upon the verdict.

*Attorney General Morgan by Associate Attorney Byrd for the State.*

*Carroll F. Gardner for defendant appellant.*

GRAHAM, Judge.

[1, 2] The judgment appealed from is dated 6 January 1972. The record on appeal was docketed in this Court on 24 April 1972, which was more than 90 days after the date of the judgment. The record on appeal contains no order extending the time for docketing. Rule 5, Rules of Practice in the Court of Appeals, requires that a record on appeal, absent an order extending the time, be docketed within 90 days after date of the judgment or order appealed from. The record does show that an order was obtained extending the time for serving the case on appeal on the solicitor. However, an order extending the time within which to serve a case on appeal does not automatically extend the time within which an appeal must be docketed in this Court. *Horton v. Davis,* 11 N.C. App. 592, 181 S.E. 2d 781; *Reece v. Reece,* 6 N.C. App. 606, 170 S.E. 2d 546; *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547.

In accordance with the practice of this Court, defendant's appeal is dismissed for failure to docket within the time allowed by the rules. *Alley v. Alley,* 14 N.C. App. 176, 187 S.E. 2d 500; *Bank v. Barry,* 14 N.C. App. 169, 187 S.E. 2d 478.

[3]   We have nevertheless reviewed the record and the contentions made by defendant. Defendant contends the case should have been nonsuited. The State's evidence was sufficient to permit a finding that defendant, an acknowledged alcoholic, tied his 80-year-old father to a chair, removed his father's Social Security check from the mailbox, signed his father's name thereto, signed his own name under his father's name and cashed the check at a local bank. Defendant admitted cashing the check, getting drunk on some of the proceeds and spending all of the money but $16.00 before he was arrested. He contended, however, that his father signed his own name to the check and authorized defendant to get it cashed. His father contended to the contrary, testifying that he did not endorse the check nor authorize anyone else to do so. When cross-examined by defendant's attorney, the father testified: "Why did he want to tie me up? He tied me up so he could do what he wanted to do and get away. He just went up there and got it on his own hook."

We hold that the evidence was sufficient to go to the jury on both counts.

We have also reviewed defendant's other assignment of error and the record proper. We find no error sufficiently prejudicial to require a new trial.

No error.

Judges MORRIS and VAUGHN concur.