STATE OF NORTH CAROLINA v. JOHNNY LEE SCOTT AND FREDDIE REVELS

No. 7212SC707

(Filed 25 October 1972)

**Criminal Law § 155.5— failure to docket record on appeal in time**
    Defendant's appeal from conviction on a breaking and entering and larceny charge is dismissed for failure to docket the record on appeal within the time allowed. Court of Appeals Rule 5.

APPEAL from *Robert M. Martin, Judge,* 27 March 1972 Session, Superior Court, HOKE County.

Defendants were charged with feloniously breaking or entering the Arabia Golf Club building with the intent to steal and with the larceny therefrom of merchandise valued at $8,933.40. Defendants, through privately retained counsel, entered a plea of not guilty. The jury found them guilty, and, from judgments entered on the verdict, defendants appealed.

*Attorney General Morgan, by Assistant Attorneys General Ray and Melvin, for the State.*

*Seawell, Pollock, Fullenwider, VanCamp and Robbins, by H. F. Seawell, Jr., for defendant appellees.*

MORRIS, Judge.

Judgments were entered on 30 March 1972. Defendants were allowed 60 days within which to prepare and serve case on appeal. On 4 May 1972, defendants filed petition requesting 20 days additional time within which to make up and serve case on appeal. On 15 May 1972 an order was signed by Judge Martin allowing the petition. The record on appeal was not docketed in this Court until 11 August 1972. Time for docketing the record on appeal expired 28 June 1972. The record contains no request for, nor order granting extension of time within which to docket the appeal. An order extending time within which to serve case on appeal does not automatically extend the time within which an appeal must be docketed in this Court. *State v. Hunt,* 14 N.C. App. 626, 188 S.E. 2d 546 (1972). Rule 5, Rules of Practice in the Court of Appeals, requires that a record on appeal be docketed within 90 days after the date of the judgment from which appeal is taken, absent an order extending the time. In accordance with the practice of this Court, defendants' appeal is dismissed for failure to docket within the time allowed. *State v. Hunt, supra,* and cases there cited.

Nevertheless, we have reviewed the record and the assignments of error urged by defendants. We find no error sufficiently prejudicial to require a new trial.

No error.

Judges CAMPBELL and PARKER concur.