REAL ESTATE EXCHANGE & INVESTORS, INC., A CORPORATION v.
BEN TONGUE AND WIFE, CANDACE S. TONGUE; SAM STRAIN
AND WIFE, HELEN S. STRAIN; WARREN DEAN AND WIFE, MAR-
GARET S. DEAN; HENRY KERNEY BAKER AND WIFE, RUTH S.
BAKER; F. THOMAS SCARBOROUGH AND WIFE, GRACE S. SCAR-
BOROUGH; SUE S. GRIFFIN; GIBSON S. MARTIN, WIDOW;
HUBERT G. SCARBOROUGH AND WIFE, ANN T. SCARBOROUGH;
ROBERT E. SCARBOROUGH AND WIFE, ELIZABETH C. SCAR-
BOROUGH; A. G. SCARBOROUGH, JR., AND WIFE, JEAN D. SCAR-
BOROUGH, AND W. T. SCARBOROUGH, JR., AND WIFE, EDNA J.
SCARBOROUGH

No. 7310SC52

(Filed 14 March 1973)

1. Appeal and Error § 39— failure to docket appeal in apt time

Appeal is subject to dismissal for failure to docket the record on
appeal within the time allowed by Court of Appeals Rule 5 where the
record on appeal was docketed more than ninety days from the date
of the judgment and no order of the trial tribunal extending the time
for docketing appears in the record.

2. Brokers and Factors § 4; Principal and Agent § 10— real estate agent
— right to purchase principal's property

An agent employed to sell his principal's property may not him-
self become the purchaser absent both a good faith full disclosure to
the principal of all material facts surrounding the transaction and
consent to the transaction by the principal after receiving such dis-
closure.

3. Brokers and Factors § 6; Principal and Agent § 10— action to recover
real estate agent's commission — agent's offer to purchase — insuffi-
ciency of complaint

Allegations by plaintiff real estate agent that it was granted for
a period of time the exclusive right to sell defendants' property for
a certain price and upon specified terms, and that during such period
plaintiff itself offered to purchase the property at the price and upon
the terms specified, but that defendants refused the offer *are held* in-
sufficient to state a claim for relief in an action to recover a real
estate agent's commission since plaintiff's allegations establish that
it had no lawful right to effect a sale of the property to itself.

APPEAL by plaintiff from *Canaday, Judge,* 12 June 1972
Session of Superior Court held in WAKE County.

Civil action to recover a real estate agent's commission.
Plaintiff alleged that defendants listed their real property with
plaintiff under an "exclusive listing contract" by which plain-
tiff was granted for a period the exclusive right to negotiate
for the sale of and to sell the property for the price and upon

terms specified in the listing contract, that during such period plaintiff itself offered to purchase the property at the price and upon the terms specified, but defendants refused the offer. Plaintiff sued for the agent's sales commission computed on the listed price at the rate specified in the listing contract. The court allowed defendants' motion under Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, and from judgment dismissing the action with prejudice, plaintiff gave notice of appeal.

*Cotten & Cotten by Michael A. Cotten for plaintiff appellant.*

*James M. Kimzey for defendant appellees.*

PARKER, Judge.

[1] The judgment appealed from was dated 15 June 1972. The record on appeal was docketed in this Court on 2 November 1972, which was more than ninety days from the date of the judgment. No order of the trial tribunal extending the time for docketing appears in the record. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is subject to dismissal. Rule 5, Rules of Practice in the Court of Appeals. *State v. Hunt,* 14 N.C. App. 626, 188 S.E. 2d 546; *Phillips v. Wrenn Brothers,* 12 N.C. App. 35, 182 S.E. 2d 285; *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547.

[2, 3] Nevertheless, we have reviewed the record and find the judgment in accord with applicable principles of law. An agent employed to sell his principal's property may not himself become the purchaser absent both a good faith full disclosure to the principal of all material facts surrounding the transaction and consent to the transaction by the principal after receiving such disclosure. This general rule applies although no positive fraud or unfairness may have been practiced by the agent and although he purchases the property "at a fair market price, or at the price set by the principal, and even though he was unable to sell to anyone else at the price fixed." 3 Am. Jur. 2d, Agency, § 226, p. 600. Decisions of our Supreme Court support this statement of the general rule. *Cotton Mills v. Manufacturing Co.,* 221 N.C. 500, 20 S.E. 2d 818; *Mealor v. Kimble,* 6 N.C. 272. In the present case the allegations in plaintiff's complaint establish that defendants did not consent that plaintiff might become the purchaser; plaintiff expressly alleged that no response was re-

ceived from their offer to purchase and that their subsequent tender was refused by the defendants. Since plaintiff's own allegations establish that it had no lawful right to effect a sale of the property to itself, it was not entitled to commissions for attempting to negotiate such a sale, and judgment dismissing the action on the pleadings was proper.

Appeal dismissed.

Judges CAMPBELL and MORRIS concur.