WILLIAM B. STARLING, JR. AND WIFE, PATRICIA D. STARLING v. WALTON
    H. SPROLES AND WIFE, JANICE S. SPROLES, HAROLD L. PARKER AND
    WIFE, JOANNE S. PARKER AND HAROLD PARKER REALTY COMPANY

No. 835DC272

(Filed 21 February 1984)

1. **Brokers and Factors § 4.1; Unfair Competition § 1— unfair trade practice—broker's purchase of property from vendor—failure to disclose offer by third party**

    Defendant real estate brokers committed an unfair or deceptive act in violation of G.S. 75-1.1 by failing to disclose, prior to their purchase of property which had been listed with them for sale by the vendors, that they had an offer from a third party to purchase the property.

2. **Brokers and Factors § 4.1— broker's purchase of property from vendor**

    The general rule is that a real estate broker can neither purchase from nor sell to the principal unless the latter expressly consents thereto or with full knowledge of all the facts and circumstances agrees to the transaction.

APPEAL by defendants Walton and Janice Sproles from directed verdict entered by *Lambeth, Judge,* on the Sproles' cross-claim against defendants Harold and Joanne Parker and Harold Parker Realty Company entered 4 August 1982 in District Court, NEW HANOVER County. Heard in the Court of Appeals 9 February 1984.

Defendants Walton and Janice Sproles contracted to purchase a house and lot on Windermere Drive in New Hanover County shown them by a sales agent working with Harold Parker Realty Company, a partnership owned by Harold and Joanne Parker. In order to acquire sufficient money for a down payment, the Sproles listed their house located on Scottsdale Drive with Harold Parker Realty Company at a sales price of $43,500.00. Harold Parker advised the Sproles that he would purchase their Scottsdale property for $3,000.00 cash and assume their existing mortgage if the Scottsdale property had not sold by the closing date on the Windermere property.

On 16 January 1978 the Sproles went to the office of Harold Parker Realty Company to complete the purchase of the Windermere property. They signed and delivered a deed to the Scottsdale house and lot to Harold and Joanne Parker, and received a check for $3,000.00 less small closing charges to be paid by the

sellers. The deed from the Sproles to the Parkers provided for the assumption by the Parkers of an existing note bearing interest at 8¾% secured by a deed of trust.

During the closing of the Windermere property one of the real estate agents working for Harold Parker Realty Company informed Walton Sproles, "By the way, we may have sold your house yesterday." Mr. Sproles replied, "How about that. Congratulations." He later stated: "I didn't figure the price they had received would be of any interest to me, because we already had decided to go ahead and sell to Parker. We didn't get a whole lot for it, but we used the money as a part of the purchase price. It was necessary in order to close Windermere."

On the same day, 16 January 1978, Harold Parker signed the plaintiffs' offer to purchase the Scottsdale house as follows: "Walt Sproles, Harold Parker, Agent." Harold Parker later stated: "I was signing on their behalf and if it closed and if there was any profit in it, that was what was in my mind, they would get the benefit of it. . . . If there had been any profit, I assure you that he would have been paid."

Shortly thereafter, Harold Parker Realty Company closed the sale to the plaintiffs, paid a real estate commission to Harold Parker Realty Company, and transferred the balance of $3,238.77 to Harold and Joanne Parker. The balance due on the Sproles' loan assumed by Parker was $34,728.74. Parker paid $20.00 for a termite inspection and $81.61 to Cannon Heating and Air Conditioning for repairs. He contends that he lost money on the transaction. It would appear that his real estate company did collect a commission on the sale to plaintiffs before transferring the balance to Harold and Joanne Parker, and the Parkers otherwise reaped a profit of $341.25 on the sale.

Plaintiffs seek recovery from the defendants as a class for breach of contract grounded on a change in the interest rates on the note and deed of trust assumed first by Harold and Joanne Parker and subsequently by the plaintiffs. Defendants Walton and Janice Sproles answered the complaint of the plaintiffs with general denials. In addition, the Sproles filed a cross-claim against the defendants, Harold and Joanne Parker and Harold Parker Realty Company for any sums which the Sproles may have to pay plaintiffs. The Sproles also sought recovery and treble damages

against the Parkers and Harold Parker Realty Company under G.S. 75-1.1, alleging unfair or deceptive acts or practices in or affecting commerce.

Defendants Harold and Joanne Parker answered the Sproles' cross-claim admitting the sale of a house listed by the Sproles with Harold Parker Realty Company and purchased by Harold Parker individually. The Parkers admitted that the Sproles purchased a house located on Windermere Drive. Otherwise, the Parkers deny any wrongdoing or liability. The Parkers and Harold Parker Realty Company filed a cross-claim against the Sproles alleging misrepresentation, breach of contract, and breach of warranty.

At the close of the plaintiffs' evidence the trial judge allowed a motion to dismiss made by the Sproles against the plaintiffs. Thereafter at the close of the Sproles' evidence, the court allowed a motion to dismiss made by the Parkers and Harold Parker Realty Company against the Sproles.

The trial continued on the plaintiffs' claim against the Parkers and Harold Parker Realty Company, and on Parker's cross-claim against the Sproles. Judgment was entered therein on 7 October 1982, but that matter is not before us.

The Sproles appeal the order of the trial judge allowing dismissal of their cross-claim against the Parkers and Harold Parker Realty Company.

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellees.*

*Yow, Yow, Culbreth & Fox by Stephen E. Culbreth for defendant appellants.*

HILL, Judge.

[1] We are confronted for the purpose of this appeal with the dismissal of the cross-claim which the Sproles assert against the Parkers and Harold Parker Realty Company. We address the following question: Did the defendants Harold and Joanne Parker and Harold Parker Realty Company commit an unfair or deceptive act in violation of G.S. 75-1.1 by failing to disclose prior to the Parkers' purchase of the property which the Sproles had

listed with Harold Parker Realty Company that they had an offer to purchase the same property from a third party? We conclude there was an obligation on the part of the Parkers and Harold Parker Realty Company to have divulged completely the offer and its terms for consideration to the Sproles before transfer of the property to the Parkers.

[2] Our Courts have repeatedly held that an agent employed to sell his principal's property may not himself become the purchaser absent both a good faith full disclosure to the principal of all material facts surrounding the transaction and consent by the principal after receiving full disclosure. *Real Estate Exchange & Investors v. Tongue*, 17 N.C. App. 575, 194 S.E. 2d 873 (1973). The general rule is that a broker can neither purchase from nor sell to the principal unless the latter expressly consents thereto or with full knowledge of all the facts and circumstances agrees to the transaction. *Real Estate Licensing Bd. v. Gallman*, 52 N.C. App. 118, 277 S.E. 2d 853 (1981).

In *State v. Warren*, 252 N.C. 690, 114 S.E. 2d 660 (1960), our Supreme Court stated that a real estate broker and client have a measure of trust analogous to that of an attorney and his client; that the broker stands in a relation of trust and confidence. With constant opportunities by concealment or collusion to make illicit gains, the real estate broker is accredited by his position in the minds of inexperienced clients with a knowledge greater than their own. It is readily apparent that that was the case at hand where the Sproles felt they had no standing to complain after having signed the deed conveying the property to the Parkers before they were told of the possibility of another sale of their property.

The decision of the trial judge is

Reversed and remanded for trial.

Judges HEDRICK and EAGLES concur.