JIMMIE FRANKLIN LEE v. CHARLES PAYTON AND JOE CULLIPHER CHRYSLER-PLYMOUTH, INC.

No. 833DC439

(Filed 3 April 1984)

1. **Unfair Competition § 1— misrepresentation that car was "demonstrator"—unfair trade practice**

   An automobile dealer's misrepresentation that a car sold to plaintiff was a "demonstrator" when it was in fact a used car constituted an unfair trade practice within the purview of G.S. 75-1.1 which entitled plaintiff to treble damages.

2. **Evidence § 45— value of car as used car or demonstrator—testimony by plaintiff**

   The trial court did not err in admitting plaintiff's own testimony as to the value of an automobile as a used car and as a demonstrator where plaintiff based his opinion on his own experience with buying cars and on advice he had received from another person.

APPEAL by defendants from *Ragan, Judge.* Judgment entered 24 November 1982 in District Court, PITT County. Heard in the Court of Appeals 8 March 1984.

On 1 February 1982 plaintiff bought a 1981 Plymouth Champ automobile from defendant Joe Cullipher Chrysler-Plymouth, Inc. Defendant Charles Payton was an authorized agent and salesman for the auto dealership and negotiated the sale of the car.

Plaintiff introduced evidence at trial showing that the car was represented by defendant Payton as being a "demonstrator" vehicle, capable of achieving gas mileage measured at 50 miles per gallon. This allegation was denied by defendants.

A few days after the sale, plaintiff discovered a slip of paper in the glove compartment of the car which indicated that there had been a previous owner of the vehicle. Plaintiff then called defendant Payton and complained about the car's gas mileage and about the fact that it was a used car rather than a demonstrator. Later that day, plaintiff met with defendants and tried to rescind the sale, but defendants refused.

On 25 March 1982, plaintiff filed this action seeking alternative theories of relief against defendants for rescission, fraud, and unfair or deceptive trade practice. On 1 June 1982, defendants' motion for summary judgment as to plaintiff's action for rescission was granted, but the court denied the motion as to plaintiff's second and third causes of action.

A jury trial was held on 18 October 1982, with the jury returning a verdict in favor of defendants as to the allegation of fraud, but finding that defendants did misrepresent the car as a "demonstrator," thereby proximately causing plaintiff damages in the amount of $1,150. Upon this verdict, the trial court concluded as a matter of law that the misrepresentation constituted a violation of G.S. 75-1.1 and awarded plaintiff treble damages. From these proceedings, defendants appeal.

*Everett and Cheatham, by Ryal W. Tayloe, for defendant appellants.*

*Jeffrey L. Miller for plaintiff appellee.*

ARNOLD, Judge.

[1] Defendants contend that the trial court erred in entering judgment against defendants in that the evidence did not support

the court's finding of a violation of G.S. 75-1.1. We disagree with this contention and find no error.

G.S. 75-1.1(a) provides:

> Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

Because of the broad language of this statute, what constitutes unfair or deceptive trade practices "is not limited to precise acts and practices which can readily be catalogued," but generally depends on the facts of each particular case. *Johnson v. Insurance Co.*, 300 N.C. 247, 262, 266 S.E. 2d 610, 621 (1980).

In order for an act or practice to be held to violate the statute, it must be either unfair or deceptive. *Id.* A practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Spiegel, Inc. v. Federal Trade Commission*, 540 F. 2d 287, 293 (7th Cir. 1976). On the other hand, an act is deceptive if it has the capacity or tendency to deceive. In determining whether a representation is deceptive, its effect on the average consumer is considered, but proof of actual deception is not required. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

Applying these principles of law to the facts found by the jury, we find that the court properly found that the acts of defendants in misrepresenting the nature and quality of the automobile bought by plaintiff were unfair or deceptive to the average consumer and, therefore, violative of G.S. 75-1.1. All of the evidence introduced on the subject at trial established that a "demonstrator" is generally a more valuable automobile than is a used car of the same type. A demonstrator according to the evidence is used by the dealership, serviced frequently, kept in good condition, and, as a rule, is less susceptible to abuse. A representation that a car is a demonstrator when it is, in fact, a used car may be inherently unfair to the average consumer, and moreover, such a representation may tend to deceive the consumer. We find that the trial court did not err in finding that the misrepresentation by defendants constituted a violation of G.S. 75-1.1.

Lee v. Payton

[2] Defendants next contend that the court erred in admitting plaintiff's own testimony as to the value of the 1981 Plymouth Champ automobile as a used car and as a demonstrator. They contend that this testimony was incompetent because no proper foundation was laid. We find, however, that the evidence was properly admitted.

The North Carolina Supreme Court has stated:

> Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value even though his knowledge on the subject would not justify him as a witness were he not the owner. . . . The weight of his testimony is for the jury, and it is generally understood that the opinion of the owner is so far affected by bias that it amounts to little more than a definite statement of the maximum figure of his contention. *Highway Commission v. Helderman*, 285 N.C. 645, 652, 207 S.E. 2d 720, 725 (1974).

Furthermore, it is permissible for a plaintiff's bare statement concerning the value of an item to be used as the measure of damages as long as there is competent evidence to support the assertion by the plaintiff. *See Hubbard v. Casualty Co.*, 24 N.C. App. 493, 211 S.E. 2d 544 (1975).

In the case at hand, plaintiff testified that the automobile was worth the purchase price of $6,495 as a demonstrator, but as a used car it was worth only $5,200 to $5,500. He stated that he based his opinion on his own experience with buying cars and on advice he had received from another person. We find that the court properly allowed plaintiff to state his opinion as to value.

No error.

Judges WELLS and BRASWELL concur.