JOHN STRICKLAND AND JEANNETTE STRICKLAND v. A & C MOBILE
HOMES, A PARTNERSHIP, AND JIMMY NORTON, BOTH INDIVIDUALLY AND AS
AGENT FOR A & C MOBILE HOMES

No. 8312SC1122

(Filed 16 October 1984)

**1. Unfair Competition § 1— misrepresentation during sale—evidence sufficient**

The trial court erred in holding that there was no unfair or deceptive
trade practice where there was evidence that defendants had represented to
plaintiffs that the military would pay all moving expenses for a mobile home;
that the representation was false; that plaintiffs reasonably relied on the
representation and on defendants' expertise, despite plaintiffs' knowledge of
military moving regulations and access to army moving policy; and where the
jury had found facts based on this evidence. G.S. Chapter 75.

**2. Unfair Competition § 1— damages—benefit of the bargain rule applies**

In an unfair trade practice case, the benefit of the bargain rule applies to
damages, so that it was error to consider expenses plaintiffs would have had if
the representation had been true, or to consider speculative evidence of a defi-
ciency on a mortgage debt.

APPEAL by plaintiffs and defendants from *Farmer, Judge.*
Judgment entered 25 May 1983 in Superior Court, CUMBERLAND
County. Heard in the Court of Appeals 23 August 1984.

This case arose from the purchase by the plaintiffs of a mo-
bile home from A & C Mobile Homes of Fayetteville. The plain-
tiffs brought this action for fraud, praying for punitive damages,
and for an unfair or deceptive trade practice. The evidence
showed that in December 1981 the plaintiffs, a military couple,
negotiated with the defendant Norton for the purchase of a mo-
bile home from A & C Mobile Homes of Fayetteville. They in-
formed Mr. Norton who was a partner in A & C Mobile Homes
that they would purchase a mobile home only if the military paid
the moving costs for the home if they moved. Mr. Norton assured
them several times during the course of their conversation that
the military would pay to move the mobile home. The Stricklands

had moved six times during the time John Strickland had been in the army. He did not check with the army transportation office at Fort Bragg but the Stricklands relied on the statement of Mr. Norton in making the purchase. There was no evidence that Mr. Norton thought his representation was not true.

Several months later the plaintiffs moved to California. At that time they inquired at the army transportation office and were informed that in accordance with a formula used by the army it would pay $5,103.00 of the total cost of $8,836.64 for moving the mobile home to California. Plaintiffs were not able to pay the $3,733.64 they would have had to pay to move the mobile home and they left it behind.

The Court granted the defendants' motion to dismiss as to punitive damages and the plaintiffs took a dismissal to its claim based on fraudulent misrepresentation. The jury found that the plaintiffs were induced to purchase the mobile home by the misrepresentation of the defendants and awarded the plaintiffs $10,874.04 in damages. The Court found "that the acts complained of were not unfair and deceptive trade practices so as to warrant trebling of damages." The Court entered a judgment against the defendants for $10,874.04.

Plaintiffs and defendants appealed.

*Hedahl and Radtke, by Joan E. Hedahl for plaintiffs appellants and appellees.*

*Jordan, Brown, Price and Wall by R. Frank Gray for defendants appellants and appellees.*

WEBB, Judge.

[1] Chapter 75 of the General Statutes establishes an action for "unfair or deceptive acts or practices in or affecting commerce." For a more detailed discussion of the elements of this type of action, see: *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981); *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980); and *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). The jury determines the facts and based on the jury's findings of fact the Court must determine as a matter of law whether the defendants engaged in an unfair or deceptive trade practice. If the Court was correct in its conclusion that the acts of the defendants did not

constitute an unfair or deceptive trade practice it should have dismissed the action. The only question before it was whether the defendants had engaged in such practices and if they had not the plaintiffs had no claim. If they had engaged in an unfair or deceptive trade practice the Court had no choice but to treble the damages.

The defendants concede the sale of the mobile home affected commerce. The question is whether the representation to the plaintiff was unfair or deceptive. Our Supreme Court has held that good faith is not a defense when a defendant makes a deceptive statement on which the plaintiff relies. See *Marshall v. Miller, supra.* In this case there was evidence that Mr. Norton made a representation to the plaintiffs that the military would pay all moving expenses for the mobile home, which representation was false. There was also evidence that the plaintiffs relied on this representation in purchasing the mobile home. The jury found facts based on this evidence and it was error for the superior court to hold this did not constitute an unfair or deceptive trade practice.

The defendants argue that the plaintiffs had moved six times while John Strickland was in the army and he was familiar with army moving regulations. They also point out that he could have checked with the army transportation office before making the purchase, which he did not do. They contend that this evidence shows the plaintiffs had better access to information as to the moving policy of the army and the plaintiffs had no right to rely on the representations of the defendants. Mr. Norton's representations to the plaintiffs were categorical. He held himself out to the plaintiffs as an expert in the sale of mobile homes. It was reasonable for them to conclude that the information he gave them as to the policy of the army was correct.

[2] Although we hold that the verdict of the jury, which was supported by the evidence, establishes the defendants are liable for an unfair trade practice we hold there must be a new trial as to damages. This is so because the verdict as to damages is not supported by the evidence. In some unfair trade practice cases our courts have held the benefit of the bargain damage rule applies which entitles the plaintiff to be placed in the position he would have been in if the representation had been true. *Hardy v.*

*Toler, supra,* and *Lee v. Payton,* 67 N.C. App. 480, 313 S.E. 2d 247 (1984). In *Bernard v. Central Carolina Truck Sales,* 68 N.C. App. 228, 314 S.E. 2d 582 (1984), the plaintiff traded his truck for a new one which did not operate properly. The plaintiff allowed the truck to be repossessed and sued for unfair or deceptive trade practices. This Court held that the plaintiff's damage should be measured by his restitution interest and that he was entitled to damages which would put him in the position in which he would have been had the trade not been made. In this case the plaintiffs kept the mobile home. We hold they were entitled to benefit of the bargain damages which would place them in the position in which they would have been if the representation would have been true.

Mrs. Strickland testified as to the difference in their mortgage payments and the rent they paid before purchasing the mobile home. She also testified as to the rent for the lot on which the mobile home was placed and to their increased utility bill, the cost of the telephone installation, the cost of new furniture, and a loss on the sale of a washing machine which the plaintiffs sold before moving to the new home. All these were expenses the plaintiffs would have had if the representation had been true. It was error to consider them as damages. She also testified that they intended to let the mobile home be repossessed and they had a liability on it of $22,000.00. She also testified without objection that they had been informed by the mortgage company that it would wait until this litigation is complete before taking any action. We hold this evidence as to any deficiency on the mortgage debt is too speculative to be considered. The only evidence we can find in the record which supports damages to the plaintiffs is the $3,733.64 the plaintiffs would have had to pay in addition to what the military would have paid to move the home. If the plaintiffs had received this they would be in the position in which they would have been had the representation been true. We do not discuss the question of whether the plaintiffs were entitled to consequential damages because there is no such evidence in the record.

We reverse and remand for a judgment holding that the actions of the defendants constituted an unfair or deceptive trade practice and a new trial as to damages.

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.