DOK YOUNG KIM v. PROFESSIONAL BUSINESS BROKERS LIMITED, SUSAN P. KRENACH, AND KISHORE K. ACHARYA

No. 8421SC522

(Filed 2 April 1985)

1. **Bills and Notes § 19— counterclaim on note—failure to submit—fraud by defendants**

    In an action to recover damages for fraud and unfair or deceptive trade practices in the sale of a motel, the trial court did not err in failing to submit issues to the jury on defendants' counterclaims on promissory notes given by plaintiff to defendants where the jury found that all defendants had engaged in fraud, since defendants were thus not entitled to recover on the notes. G.S. 25-3-305(a)(c); G.S. 25-3-306(b).

2. **Torts § 3.1— indemnity—all defendants in pari delicto**

    The trial court did not err in failing to submit an issue on a cross-claim by two defendants against a third defendant for indemnity where the evidence showed and the jury found that all defendants were in *pari delicto.*

3. **Brokers and Factors § 4— fiduciary duty to client**

    A broker representing a purchaser or seller in the purchase or sale of property owes a fiduciary duty to its client based upon the agency relationship itself.

4. **Trial § 40— one damages issue as to all parties—absence of objection**

    Defendants cannot complain on appeal that the trial court erred in submitting only one issue as to damages for all defendants where defendants failed to object at trial, App. Rule 10(b)(2), and defendants' counsel recommended to the court that only one damage issue be submitted to the jury.

5. **Unfair Competition § 1— fraud in sale of motel—unfair trade practice affecting commerce—treble damages**

    Fraud by defendant brokers and defendant owner in the sale of a motel constituted an unfair or deceptive act in or affecting commerce within the purview of G.S. 75-1.1, and the trial court should have awarded plaintiff treble damages under G.S. 75-16 for such fraud.

6. **Unfair Competition § 1— unfair trade practice—attorney fees**

    Where there is a reasonable possibility that the trial court refused to award plaintiff treble damages and attorney fees because it erroneously believed that defendants' fraud in the sale of a motel did not constitute an unfair or deceptive trade practice in or affecting commerce, the cause must be remanded for the trial court to determine, in its discretion, whether to award attorney fees to plaintiff.

APPEAL by plaintiff and defendants from *Cornelius, Judge.* Judgment entered 2 September 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 January 1985.

Plaintiff instituted this action seeking damages arising out of the alleged fraud and unfair or deceptive trade practices engaged in by defendants concerning plaintiff's purchase of a motel in Pageland, South Carolina. Defendant Kishore K. Acharya, the owner of the motel, sold the motel to plaintiff. Defendant Professional Business Brokers Limited (hereinafter Probus) acted both as defendant Acharya's selling agent and as plaintiff's purchasing agent. Defendant Susan Krenach, an employee of defendant Probus, acted as plaintiff's individual purchasing agent. Defendants Probus and Krenach filed a joint answer in which they denied the material allegations of the complaint and asserted a counterclaim for the amount due on a promissory note executed by plaintiff in favor of defendant Probus. They also cross claimed against defendant Acharya seeking indemnity from defendant Acharya in the event they were held liable. Defendant Acharya also counterclaimed for the amount due on a promissory note executed by plaintiff in favor of him.

At the conclusion of trial, the jury answered the issues submitted to it by the court as follows:

1. Did the defendants, Professional Business Brokers, Ltd. and Susan P. Krenach, make a false representation of a material fact, with knowledge of its falsity or make it recklessly without any knowledge of its truth or falsity with intent that it would be acted upon by plaintiff, Dok Young Kim and did the plaintiff reasonably rely upon the representation and suffer damages by her reliance upon the misrepresentation?

ANSWER: Yes

2. At the time the plaintiff, Dok Young Kim, leased with option to purchase the Pageland Motel, did a relationship of trust and confidence exist between the plaintiff and the defendant, Susan P. Krenach?

ANSWER: Yes

3. Was the lease with option to purchase the Pageland Motel by the plaintiff, Dok Young Kim, an open, fair and honest transaction?

ANSWER: No

4. Did the defendant Kishore K. Acharya make a false representation of a material fact with knowledge of its falsity or make it recklessly without any knowledge of its truth or falsity with intent that it would be acted upon by the plaintiff, Dok Young Kim, and did the plaintiff reasonably rely upon the representation and suffer damages by her reliance upon the misrepresentation?

ANSWER: Yes

5. What amount of actual damages, if any, is the plaintiff, Dok Young Kim entitled to recover from the defendants, Professional Business Brokers, Ltd., Susan P. Krenach and Kishore K. Acharya?

ANSWER: $39,000 with the recommendation that the note for $2,694.00 to Probus (Professional Business Brokers, Ltd.) be paid by Kishore K. Acharya.

Upon the return of the jury's verdict and the denial of their post trial motions, defendants gave notice of appeal. Plaintiff also gave notice of appeal from the denial of her motion for treble damages made pursuant to G.S. 75-16.

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and William McBlief, for plaintiff.*

*Crumpler & Hedgpeth, by Thomas T. Crumpler and James C. Eubanks, for defendants Professional Business Brokers Limited and Susan P. Krenach.*

*Sparrow & Bedsworth, by W. Warren Sparrow and George A. Bedsworth, for defendant Kishore K. Acharya.*

JOHNSON, Judge.

DEFENDANTS' APPEAL

[1] Defendants all contend that the court erred in failing to submit issues to the jury on their counterclaims on the notes. These contentions have no merit. Defendants did not object in a timely manner to the court's failure to submit these issues. Even if the defendants had timely objected, the court's failure to submit the issues was not prejudicial error. There was no issue of fact as to plaintiff's liability on the notes other than the question of fraud.

If the jury found a defendant engaged in fraud, then that defendant was not entitled to recover on his or its note. *See* G.S. 25-3-306(b); G.S. 25-3-305(2)(c). Conversely, if the jury found no fraud, defendants were entitled to recover on the note. The jury found that all defendants had engaged in fraud; therefore, the court's failure to submit issues on the counterclaims was not prejudicial error.

[2]   Defendants Probus and Krenach contend that the court erred in failing to submit issues as to their cross claim against defendant Acharya for indemnity. The right to indemnity between defendants arises when liability is imposed upon one defendant for the other's tortious conduct through operation of law, as for example, through the doctrine of *respondeat superior. See Hayes v. City of Wilmington,* 243 N.C. 525, 91 S.E. 2d 673 (1956). Indemnity is not permitted when the defendants are in *pari delicto,* that is, when both defendants breach substantially equal duties owed to the plaintiff. *Id.* In order to recover indemnity from a second defendant, the first defendant must allege and prove (1) that the second defendant is liable to the plaintiff and (2) that the first defendant's liability to the plaintiff is derivative, that is, based upon the tortious conduct of the second defendant. *Anderson v. Robinson,* 275 N.C. 132, 165 S.E. 2d 502 (1969). Here, the plaintiff alleged and the jury found that defendants Probus and Krenach made a false representation of a material fact with knowledge of its falsity or made it recklessly without any knowledge of its truth, with the intent that it would be relied upon by plaintiff, and which was relied upon by plaintiff to her damage. Defendants have brought forward no exception to the court's submission of the first fraud issue to the jury or to the jury's finding. Since defendants Probus and Krenach were in *pari delicto* with defendant Acharya, and their liability was not derivative, the trial court did not err by failing to submit an issue as to indemnity.

[3]   Defendants Probus and Krenach next contend that the court erred in submitting the second and third issues to the jury. Citing *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971), defendants argue that there must be a "transaction" between persons in a fiduciary relationship in order for there to be constructive fraud. This contention has no merit. Defendants Probus and Krenach did receive a commission from the sale of the motel. It is now well settled that a broker representing a purchaser or seller in the

purchase or sale of property owes a fiduciary duty to his client based upon the agency relationship itself. *See Raleigh Real Estate and Trust Co. v. Adams,* 145 N.C. 161, 58 S.E. 1008 (1907); *Starling v. Sproles,* 66 N.C. App. 653, 311 S.E. 2d 688 (1984); *Real Estate Licensing Board v. Gallman,* 52 N.C. App. 118, 277 S.E. 2d 853 (1981); 12 Am. Jur. 2d Brokers secs. 83-84 (1964). Even if the submission of the issues was error, it was not prejudicial, as the jury found actual fraud and did not need to consider the second and third issues.

[4] We also reject the remaining contention of defendants Probus and Krenach that the court erred in submitting only one issue as to damages for all defendants. Not only is the issue not properly before us due to counsel's failure to object, Rule 10(b)(2), Rules of Appellate Procedure; *Lee v. Keck,* 68 N.C. App. 320, 315 S.E. 2d 323, *disc. rev. denied,* 311 N.C. 401, 319 S.E. 2d 271 (1984), but also defendants' counsel recommended to the court that only one damage issue be submitted to the jury. Defendants cannot now complain on appeal that this was error. *Overton v. Overton,* 260 N.C. 139, 132 S.E. 2d 349 (1963). Since the jury's verdict otherwise properly disposed of the issues, the jury's recommendation that Acharya pay the note to Probus was properly disregarded by the court as surplusage. 89 C.J.S. Trial sec. 509 (1955).

PLAINTIFF'S CROSS APPEAL

[5] Plaintiff contends that the court erred in denying her motion for treble damages made pursuant to G.S. 75-16. G.S. 75-16 provides:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case *judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.* (Emphasis added.)

Thus, if unfair methods of competition or unfair or deceptive acts or practices in or affecting commerce under G.S. 75-1.1 are found, the court must treble the damages awarded. The determination of

whether an act or practice affects commerce and is unfair or deceptive is to be made by the court. *Hardy v. Toler,* 288 N.C. 303, 218 S.E. 2d 342 (1975). This determination involves a two party inquiry: (1) whether the act or practice affects commerce, and (2) whether the act or practice is unfair or deceptive. *Johnson v. Phoenix Mutual Life Ins. Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980).

For the purposes of G.S. 75-1.1, " 'commerce' includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." G.S. 75-1.1(b). The foregoing section has been broadly applied to cover many activities. *See, e.g., Marshall v. Miller,* 302 N.C. 539, 276 S.E. 2d 397 (1981) (leases of mobile home lots); *Kent v. Humphries,* 50 N.C. App. 580, 275 S.E. 2d 176, *modified on other grounds and affirmed,* 303 N.C. 675, 281 S.E. 2d 43 (1981) (leases of commercial property); *Vickery v. Olin Hill Construction Co.,* 47 N.C. App. 98, 266 S.E. 2d 711, *disc. rev. denied,* 301 N.C. 106, --- S.E. 2d --- (1980) (brokered real estate transactions); *Johnson v. Phoenix Mutual Life Ins. Co., supra* (transaction between borrower and mortgagor). Defendants' activities clearly fall within G.S. 75-1.1(b).

The second inquiry is whether the act or practice is unfair or deceptive. The Court in *Hardy v. Toler, supra,* stated that fraud, if proved, necessarily constituted a violation of the prohibition against unfair or deceptive practices. Plaintiff here obtained a jury finding of fraud. The trial court, therefore, had no choice but to treble plaintiff's damages. *Strickland v. A & C Mobile Homes,* 70 N.C. App. 768, 321 S.E. 2d 16 (1984), *disc. rev. denied,* 313 N.C. 336, --- S.E. 2d --- (1985); *Vickery v. Olin Hill Construction Co., supra.* The court therefore erred in denying plaintiff's motion for treble damages.

[6] Plaintiff also contends that the court erred in denying her motion for attorney's fees made pursuant to G.S. 75-16.1. That statute gives the presiding judge the discretionary authority to allow a reasonable attorney fee to the attorney of the prevailing party in an action alleging violations of G.S. 75-1.1 if he finds (1) that the party charged with the violations willfully engaged in the act or practice and unwarrantedly refused to pay the claim constituting the basis of the action, or (2) that the party instituting the action knew, or should have known, that the action

was frivolous and malicious. We have held today that the court erred in denying plaintiff's motion for treble damages. There is a reasonable possibility that the trial court denied the motion for treble damages because it did not believe this to be a case of unfair or deceptive trade practices in or affecting commerce. For that same reason, it may have denied the motion for attorney's fees. We cannot be sure that the court denied the motion for attorney's fees on proper grounds. For this reason, the cause must be remanded for the trial court to determine, in its discretion, whether to award attorney's fees. If it chooses to award attorney's fees, it must make the proper findings.

For the foregoing reasons, we find no error in the trial, but we do find error in the denial of treble damages. The cause must therefore be remanded for the entry of a judgment consistent with this opinion and for a determination of whether plaintiff is entitled to an award of attorney's fees. The results are:

As to defendants' appeals,

No error.

As to plaintiff's cross appeal,

Reversed and remanded.

Judges BECTON and MARTIN concur.