COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


ELBERT SMITH, JR.
                                  MEMORANDUM OPINION[*]
v.        Record No. 1004-96-1   BY JUDGE JOSEPH E. BAKER
                                       JULY 1, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Alan E. Rosenblatt, Judge

           Cal Thompson Bain, Senior Assistant Public
           Defender (Office of the Public Defender, on
           brief), for appellant.

           Eugene Murphy, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.



     Elbert Smith, Jr. (appellant) appeals from his jury trial

convictions by the Circuit Court of the City of Virginia Beach

(trial court) for second degree murder and use of a firearm in

the commission of that felony.  The sole issue presented by this

appeal is whether the trial court erred when it sustained the

Commonwealth's hearsay objection to evidence that appellant

contends was not offered to prove the truth of the matter

asserted.  Finding no error, we affirm the judgment of the trial

court.

     As the parties are fully knowledgeable of the facts

contained in this record, we reference only those necessary to an

understanding of this opinion.  Upon familiar principles, the

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence is stated in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In a videotaped interview by the police, appellant gave four varying versions of what he claimed occurred on the night the victim was shot and killed.  First, he denied being present.  Next, he said that he and Diefen McGann (McGann) went to the victim's place of employment to collect money that the victim owed McGann; that after their arrival an unknown male entered and shot the victim; and thereafter appellant and McGann fled the scene.

Later, appellant said that when he and McGann demanded payment of the debt, the victim balked and "pulled out a pistol."  McGann and the victim exchanged shots and McGann shot the victim three times.  Subsequently, appellant admitted that he had a gun in his possession and that the victim had none.

Lastly, appellant said that McGann fired a first shot at the victim and the victim grabbed McGann's gun.  A struggle between the two ensued during which McGann told appellant he was losing his grip on the gun.  Appellant responded by drawing a knife from a sweatshirt pocket, lunging at the victim, and telling the victim to release the gun.  The victim released the gun.  McGann then fired three shots that struck the victim.

At trial, on cross-examination, appellant attempted to

procure an answer from Detective J. T. Orr to the following question:

> Q. Did McGann ever tell you that he saw a gun or [the victim] displayed a gun to him on the night of the 23rd--or the day of the 23rd when they were together?

In addition, appellant also wanted to ask Orr whether McGann told Orr that the victim's "debt was for a car," and whether McGann told Orr about the victim having a gun. The Commonwealth objected on the ground that the answer would have been inadmissible hearsay. The trial court advised appellant that the answer would appear to have been sought "to establish a fact." Appellant responded it was not offered to prove the truth thereof but rather to show appellant's "state of mind" and "what he believed about the situation he was going into." The trial court sustained the objection. In his brief on appeal, appellant argues that the question was not asked to establish "the truth of the matter asserted" but rather to show corroboration of what appellant said McGann had told him while they were on the way to see the victim.

The Supreme Court of Virginia has adopted the definition of hearsay evidence contained in McCormick on Evidence § 246 at 584 (2d ed. 1972).

> "Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."

Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977).  "A clear example of hearsay evidence is where a witness testifies to the declaration of another for the purpose of proving the facts asserted by the declarant."  Williams v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958).

> The hearsay rule itself, is very simply stated:  hearsay evidence is not admissible.  This rule was recognized in Virginia as early as 1795, in the case of Claiborne v. Parrish.  If the evidence offered is in fact hearsay within the accepted definition, it cannot be received in evidence unless it falls within one of the numerous exceptions set forth later in this chapter.  The hearsay rule is therefore a rule of exclusion, which prevents the trier of fact from considering a great deal of otherwise relevant evidence.

Charles E. Friend, The Law of Evidence in Virginia § 18-1 (4th ed. 1993).

The issue here arose when, at trial, appellant's attorney attempted to ask Detective Orr if McGann told him that the victim had pulled a gun on January 23rd and if McGann told Orr that the debt was for a car repair.  The Commonwealth objected to these questions as calling for hearsay.  Appellant argued that the answer to neither question was offered for the truth of the matter asserted but to show corroboration of what appellant said McGann told him while they were on the way to the body shop.  The trial court sustained the Commonwealth's objection.

The proponent of hearsay evidence has the burden of clearly showing that it is admissible.  Clark v. Commonwealth, 3 Va. App. 474, 480, 351 S.E.2d 42, 45 (1986).  In Meadows v. McClaugherty,

- 4 -

167 Va. 41, 187 S.E. 475 (1936), the trial court was reversed because it permitted the defendant to relate the contents of a conversation he previously had with his brothers who were to testify subsequent to the defendant. Id. at 46-47, 187 S.E.2d 478. The plaintiff had objected, arguing that the testimony was hearsay and that it was an effort to corroborate the brothers' anticipated testimonies. In holding it was error to admit the evidence for that purpose the Court said:

> The admissibility of corroborative evidence is fully discussed in Crowson v. Swan, 164 Va. 82, 92, 178 S.E. 898, [903 (1935)] and the holding in that case is determinative of the question here presented.
> In the Crowson Case it was held error to admit the evidence of the father that his daughter, an infant eleven years of age, prior to the trial of the case had made the same statement to him that she made as a witness for the defendant.
> The action of the court in admitting the evidence of the defendant constitutes reversible error and necessitates a remand of the case for a new trial.

Meadows, 167 Va. at 48, 187 S.E. at 478-79. In Crowson, the Court said:

> It is a general and well-nigh universal rule that evidence of what a witness said out of court cannot be received to corroborate his testimony.

Crowson, 164 Va. at 94, 178 S.E. at 903 (citations omitted). Similarly, evidence of what McGann said to Detective Orr out of court cannot be received to corroborate what appellant, in his videotaped interview, claimed McGann had told him.

Appellant also contends that the answer to the question

should have been admitted as an exception to the hearsay rule to show his "state of mind."  We have found no authority, and appellant has cited none, which supports the contention that Orr should have been permitted to testify to statements made by McGann for the purpose of showing appellant's state of mind.

For the reasons stated, we hold that the trial court did not err when it sustained the Commonwealth's objection, and its judgment is affirmed.

<u>Affirmed.</u>